**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Chol Thiek Deng,

                    Petitioner,          Case No. 26-cv-10339

v.                                       Judith E. Levy
                                         United States District Judge

James Schiebner,
                                         Mag. Judge Curtis Ivy, Jr.
                    Respondent.

_____/

**ORDER TRANSFERRING PETITIONER'S APPLICATION FOR
A WRIT OF HABEAS CORPUS [1] TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF
<u>MICHIGAN</u>**

Petitioner Chol Thiek Deng—who is presently confined at the

Muskegon Correctional Facility in Muskegon, Michigan—filed a *pro se*

application for a writ of habeas corpus in this district pursuant to 28

U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his convictions for

kidnapping, first-degree criminal sexual conduct, and second-degree

criminal sexual conduct out of Kent County Circuit Court. (*Id.* at

PageID.1.) The proper venue for this application is the Western District

of Michigan. Therefore, the Court orders that the application be

transferred to the federal district court for that district.

Section 2241(d) states:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

As noted above, Petitioner is a Michigan prisoner. He currently challenges the judgment of conviction entered by Kent County Circuit Court in Grand Rapids, Michigan. Given that Michigan has more than one federal judicial district, Petitioner may file his application for a writ of habeas corpus either in the district where he is in custody or in the district where he was convicted and sentenced. *See* 28 U.S.C. § 2241(d). Petitioner is incarcerated in a state facility located in the Western District of Michigan, and he was convicted and sentenced in a state court located in that district. He is presently incarcerated at the Muskegon

2

Correctional Facility in Muskegon County, Michigan. He was convicted and sentenced in Kent County, Michigan. Both counties are located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Thus, Petitioner's "conviction was imposed in a state court that is not located in the Eastern District of Michigan and petitioner is not presently in custody in this district." *Young v. Horton*, No. 2:19-CV-12710, 2019 WL 4732481, at *1 (E.D. Mich. Sept. 26, 2019). As a result, the United States District Court for the Western District of Michigan is the only court under § 2241(d) that may hear Petitioner's application for a writ of habeas corpus. The Court transfers the application to the United States District Court for the Western District of Michigan "in the exercise of its discretion and in furtherance of justice." 28 U.S.C. § 2241(d).

Accordingly, the Clerk of the Court is ordered to transfer Petitioner's application for a writ of habeas corpus (ECF No. 1) to the United States District Court for the Western District of Michigan.

IT IS SO ORDERED.

Dated: February 23, 2026          s/Judith E. Levy
     Ann Arbor, Michigan        JUDITH E. LEVY
                                United States District Judge

3

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2026.

s/Caitlin Shrum
CAITLIN SHRUM on behalf of
WILLIAM BARKHOLZ
Case Manager

4